IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No.: 5:25-cv-00385-M-BM

| | |
|---|---|
| INGENIOSHARE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>EPIC GAMES, INC.,<br><br>    *Defendant*. | **DEFENDANT EPIC GAMES INC.'S MOTION TO STAY DISCOVERY** |

Pursuant to Fed. R. Civ. P. 26(c) and (d), Defendant Epic Games, Inc. ("Epic"), by and through its undersigned counsel, hereby moves to stay discovery, including compliance with Fed. R. Civ. P. 26(a)(1) and (f), pending resolution of Epic's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. 19). The arguments and authorities supporting this motion are set forth in Epic's Memorandum of Law filed contemporaneously herewith and in further support, Epic states as follows:

1. On July 2, 2025, Plaintiff filed its Complaint alleging that Epic infringes three patents (collectively, "the Asserted Patents") that expired on December 7, 2024. Dkt. 1.

2. On August 28, 2025, Epic filed a Motion to Dismiss the Complaint in its entirety under Rule 12(b)(6) on the basis that the asserted claims of the Asserted Patents do not recite patent-eligible subject matter under 35 U.S.C. § 101 and are thus invalid ("Motion to Dismiss"). Dkt. 19.

3. On September 2, 2025, the Court issued an automatic Order for Discovery Plan, requiring the parties' Rule 26(f) conference to occur by October 2, 2025. Dkt. 21.

4. Plaintiff's response to the Motion to Dismiss is currently due September 18, 2025. On September 1, 2025, Plaintiff requested a 30-day extension of this deadline to which Epic agreed. Epic also sought Plaintiff's consent to this Motion.

5. As of the filing of this Motion, Plaintiff opposes the Motion and objects to the relief requested. Discovery has not yet commenced and is not necessary to resolve Epic's Motion to Dismiss, which would dispose of Plaintiff's claims in their entirety. Plaintiff will not be prejudiced by the relief requested in this Motion.

**WHEREFORE,** for the following reasons, Epic respectfully requests that the Court grant Epic's Motion and issue an order staying discovery, including compliance with Rules 26(a)(1) and (f), pending resolution of Epic's Motion to Dismiss.

Dated: September 12, 2025                    Respectfully submitted,

                                                    */s/ Robert C. Van Arnam*
Robert C. Van Arnam, NC Bar No. 28838
Jenny J. Wang, NC Bar No. 61255
Carmelle F. Alipio, NC Bar No. 54738
Aaron T. Fadden, NC Bar No. 59495
**Williams Mullen, P.C.**
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel:     (919) 981-4055
Fax:     (919) 981-4300
Email:   RVanArnam@williamsmullen.com
            JWang@williamsmullen.com
            CAlipio@williamsmullen.com
            AFadden@williamsmullen.com

*Local Civil Rule 83.1(d) Attorneys for Defendant Epic Games, Inc.*

Christina J. McCullough
Antoine McNamara
Jessica J. Delacenserie
Jassiem Moore
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Tel:     (206) 359-8000
Fax:     (206) 359-9000
Email:   CMcCullough@perkinscoie.com
            AMcNamara@perkinscoie.com

            JDelacenserie@perkinscoie.com
            JassiemMoore@perkinscoie.com

Makenzi Galvan
**Perkins Coie LLP**
2525 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Tel:     (602) 351-8000
Fax:     (602) 648-7000
Email:   MGalvan@perkinscoie.com

*Attorneys for Defendant Epic Games, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I caused the foregoing and all exhibits referenced therein to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification and electronic copy of such filing to all counsel of record in the above-captioned case.

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam
*Local Civil Rule 83.1(d) Attorney for Defendant Epic Games, Inc.*
